EBENEZER S. COE *versus* ALLEN H. BICKNELL.

Where it was agreed that the plaintiff should retain the ownership of lumber until certain notes given him by the owner should be paid, and he was in possession at the time of the attachment by the creditors of the maker of the notes, he will be entitled to hold it against them.

REPLEVIN. On REPORT by APPLETON, J.

The facts appearing in the opinion of the court, renders their repetition unnecessary.

*G. W. Ingersoll,* counsel for the plaintiff.

*S. H. Blake,* counsel for the defendant.

GOODENOW, J. This is replevin of 50 M. boards. Writ is dated August 29, 1856. Plea the general issue and property in Paul Varney, and an attachment by the defendant, as the property of said Varney, July 14, 1856, on a writ in favor of Joseph M. Hodgkins et al.

By the agreement between Coe and Varney, dated September 1, 1855, it was stipulated that said Coe should retain the complete ownership of the lumber until certain notes given by said Varney to said Coe should be paid.

The plaintiff testified that, after making the contract with Varney of September 1, 1855, Varney commenced taking boards from Hayward & Co.'s dock, raft by raft, as he could get them, and piled them in I. Curtis & Mitchell's Mills wharves, Hampden, and on Crosby's wharf, Bangor; that he kept the plaintiff informed from time to time, how he was getting along, in summer and autumn of 1855, or winter of 1856, after the boards were all piled out. That Varney went on to each of the piles with him, and pointed them out to him; that the plaintiff marked them and took delivery of them. On cross-examination the plaintiff stated, " the object of my going to see the boards was, to see where they were piled, so that I could identify them, or otherwise take a delivery. I do not know as Varney called it a delivery. I sup-

pose he did. He said, 'I want you to understand this pile is yours; that pile is not; that is, and so on.'"

By the contract, it seems that Coe, instead of the claim for stumpage against Hayward & Co., was to have the boards of Varney, giving Varney an interest in the profits. Varney negotiated the trade, took a bill of sale from Hayward & Co., and as the consideration or purchase money was furnished by Coe, Varney agreed that Coe should retain the ownership of the lumber till the notes spoken of above, should be paid. We are of opinion that the testimony proves that the boards were duly delivered to the plaintiff, as he was in possession of them when they were attached; and that he was entitled to hold them against Varney and his creditors, and that the defendant, according to the agreement of the parties, must be defaulted.